IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURTIS SMITH, | |
| Petitioner, | 8:05cv441 |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Respondents. | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition"), filed by the petitioner, Curtis Smith. In his § 2241 petition, the petitioner challenges his conviction in *United States of America v. Curtis Smith*, Case No. 8:03cr135 (D. Neb.). The petitioner is presently serving a sentence at a federal prison facility in South Dakota.

However, the petitioner may not use 28 U.S.C. § 2241 to assert his claims in this court. A motion pursuant to 28 U.S.C. § 2255, brought before the sentencing court, is the appropriate vehicle for a convicted federal prisoner to challenge his conviction as in violation of the Constitution or laws of the United States and to move to vacate his sentence. On the other hand, a petition pursuant to 28 U.S.C. § 2241, filed in a court within the district of confinement, may be used to challenge the execution of a federal prisoner's sentence.[1] Thus, federal prisoners challenging the legality or validity of their convictions or sentences must do so by a motion pursuant to § 2255 rather than by a petition pursuant to § 2241.[2] See, e.g., United States v. Lurie, 207 F.3d 1075, 1077 (8th

---

[1] For purposes of 28 U.S.C. § 2241, execution of a sentence "includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).

[2] The petitioner asserts that his conviction is void because the court lacked jurisdiction, and certain federal statutes are unconstitutional on their face.

Cir. 2000); Caravalho v. Pugh, 177 F.3d 1177, 1178-79 (10th Cir. 1999); Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In the rare exception, discussed below, when a convicted federal prisoner may use § 2241, the petition must be filed in federal court in the district in which the prisoner is incarcerated.

Although a narrow exception permits limited use of § 2241 to challenge the validity of a conviction, the § 2241 petition in this case does not fit within that exception to the general bar against using § 2241, instead of § 2255, for collateral attack by a federal prisoner on a conviction or sentence. "A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. § 2241 **only if** it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" United States v. Lurie, 207 F.3d at 1077 (emphasis added). However, a § 2255 remedy is not considered inadequate or ineffective because a § 2255 motion has previously been denied, because the statute of limitations has expired on a § 2255 claim, or because there are procedural barriers to pursuing relief under § 2255. Id. at 1077-78. Accord Wesson v. U.S. Penitentiary, 305 F.3d 343, 347 (5th Cir. 2002).

THEREFORE, IT IS ORDERED:

1. That this action and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by the petitioner, Curtis Smith, are dismissed without prejudice; and

2. That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 3rd day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge