IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CURTIS SMITH, | ) | |
| | ) | |
| Petitioner, | ) | 8:05cv441 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on filing no. 5, the "Motion for Reconsideration and for Findings of Fact and Law on All Claims Presented in Petitioner's Common Law Habeas," filed by the petitioner, Curtis Smith. The petitioner objects to the dismissal, without prejudice, of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition") (filing no. 3) and the entry of Judgment (filing no. 4).

The court dismissed the § 2241 petition and entered judgment because the petitioner sought to use 28 U.S.C. § 2241 to vacate the conviction or sentence he received in *United States of America v. Curtis Smith,* Case No. 8:03cr135 (D. Neb.). A Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is the appropriate vehicle for a convicted federal prisoner to challenge his conviction as in violation of the Constitution or laws of the United States or to move to vacate his sentence.

The petitioner may not use 28 U.S.C. § 2241 to assert claims regarding his innocence of the crimes of conviction, defects in the indictment or the court's jurisdiction, unconstitutionality of the applicable law, and the like. Section 2241 is the appropriate

vehicle for a challenge to the *execution* of a federal prisoner's sentence,[1] but not to the sentence itself or to the underlying conviction.  Thus, federal prisoners challenging the legality or validity of their convictions or sentences must do so by a motion pursuant to 28 U.S.C. § 2255 rather than by a petition pursuant to 28 U.S.C.  § 2241.   See, e.g., United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000); Caravalho v. Pugh, 177 F.3d 1177, 1178-79 (10th Cir. 1999); Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).

Filing no. 5, the petitioner's "Motion for Reconsideration and for Findings of Fact and Law on All Claims Presented in Petitioner's Common Law Habeas," is denied.

SO ORDERED.

DATED this 24th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

---

[1] For purposes of 28 U.S.C. § 2241, execution of a sentence "includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).